UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARC R. REMENAR,<br><br>               Petitioner,<br><br>          v.<br><br>THE OFFICE OF DANA SCARP, United States District Court for the District of Western Washington at Seattle,<br><br>               Respondent. | Case: 1:15-cv-01787<br>Assigned To : Unassigned<br>Assign. Date : 10/20/2015<br>Description: Pro Se Gen. Civil  F Deck |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

The petitioner identifies the respondent as the "Admissions officer for the United States District Court for the District of Western Washington at Seattle." Pet. at 2. He alleges that he is a Trial Court Attorney licensed to practice in the Tulalip Tribal Court in Washington and the Karluk Native Court in Alaska," *id.* at 2, who submitted an application to practice in the Western District of Washington on March 15, 2013, *id.* at 1, yet the respondent neither has processed nor has granted the application, *see id.* at 1-2. The petitioner seeks a writ of mandamus to compel the respondent "to accept [his] application to practice law" in that court. *Id.* at 5.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to

plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner addresses none of these elements, and thus fails to meet his burden.

Furthermore, this Court has no authority to direct the activities of the United States District Court for the Western District of Washington or those of its staff. Under 28 U.S.C. § 1361, the Court may "exercise writs of mandamus to employees of the Executive branch. *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011) (citations omitted and emphasis removed). Authority under the All Writs Act, *see* 28 U.S.C. § 1651, "is most commonly invoked by a federal circuit court of appeals to issue a writ of mandamus to a district court judge, or by the Supreme Court to issue a writ to a lower court judge." *Choi*, 818 F. Supp. at 84 (citations omitted). Neither provision authorizes one federal district court to direct the activities of another federal district court. *See Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) (noting that "[a] district court lacks authority to issue a writ of mandamus to another district court"); *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986) ("A writ of mandamus may be issued only by a superior court, the court of appeals in this case.").

The petition for a writ of mandamus will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 10/14/15

_____
United States District Judge